IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| GOVCIO, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>&lt;govciocareers.com&gt;,<br><br>                Defendant. | Civil Action No. 1:23-cv-1181-RDA-LRV |

**PLAINTIFF'S AMENDED REQUEST FOR ENTRY OF DEFAULT AND DECLARATION OF COUNSEL IN SUPPORT THEREOF**

Plaintiff GovCIO, LLC, by counsel and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, requests that the Clerk enter default against Defendant <govciocareers.com>, stating as follows:

1. GovCIO filed its Complaint on September 1, 2023, alleging an *in rem* cybersquatting claim against <govciocareers.com> under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

2. GovCIO's claim is based on the alleged unlawful use of the <govciocareers.com> domain name to impersonate recruiting personnel from GovCIO in an attempt to obtain personal and financial information from unsuspecting victims who believe they are communicating with GovCIO about employment opportunities.

3. On September 1, GovCIO also moved for a temporary restraining order to shut down the infringing domain name and transfer it to GovCIO. ECF 6.

4. On September 13, the Court entered a TRO and ordered a representative from the

<govciocareers.com> domain name to appear on September 20 and show cause why a preliminary injunction should not be issued. ECF 15.

5. GovCIO published a copy of the September 13 order in the *Washington Times* on September 18. ECF 17.

6. The defendant did not appear at the September 20 hearing.

7. On September 21, the Court entered a Preliminary Injunction Order, which among other things, required Defendant <govciocareers.com> to file an answer or other response to the Complaint "within twenty-one (21) Days from the date of the publication of [the] Order in the *Washington Times*." ECF 25 at 8. The Order further stated that "[i]f no appearance or pleading is filed as required by this Order, this Court may render a judgment against <govciocareers.com>, which could include a permanent injunction and permanent transfer of the Defendant domain name to GovCIO." *Id.*

8. On September 25, GovCIO published a copy of the Court's September 21 order in the *Washington Times*. ECF 26.

9. To date, <govciocareers.com> has not appeared and has not filed an answer or other response to the Complaint.

10. Under 15 U.S.C. § 1125(d)(2)(A), a trademark owner may file an in rem action "against a domain name in the judicial district in which the … domain name registry … is located if … the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under subsection (a) or (c)."

11. For *in rem* actions under the ACPA, service of process shall be made by:

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
(bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).

12. As set forth in the Declaration of Kevin W. Weigand filed on September 1, 2023 (ECF 9), GovCIO sent a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided, which was a proxy email address with contact information protected by a privacy service that prevented GovCIO from identifying the person who would be a defendant in this ACPA action.

13. GovCIO also published notice of this action in the *Washington Times* on September 18, 2023 (ECF 17) and September 25, 2023 (ECF 26), as directed by the Court.

14. Accordingly, the requirements for service of process in an *in rem* action under the ACPA have been satisfied.

15. Defendant <govciocareers.com> failed to respond to the Complaint by October 16—21 days after publication of the September 21 order—as required by the Court, and is now in default.

16. Entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). When a failure to plead or otherwise defend is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id.*

WHEREFORE, Plaintiff GovCIO, LLC requests that the Clerk enter default against Defendant <govciocareers.com>.

## DECLARATION OF COUNSEL IN SUPPORT OF
## PLAINTIFF'S REQUEST FOR ENTRY DEFAULT

I, Kevin W. Weigand, declare under penalty of perjury under the laws of the United States of America that all the statements set forth above in support of Plaintiff's Request for Entry of Default are true and correct to the best of my knowledge, information, and belief.

Executed October 27, 2023 in Tysons, Virginia         _____
                                                       Kevin W. Weigand (Va. Bar. 81073)

Dated: October 27, 2023                                Respectfully Submitted,

                                                       VENABLE LLP

                                                       _____/s/_____
                                                       James Y. Boland (VSB No. 70817)
                                                       Nicholas M. DePalma (VSB No. 72886)
                                                       Kevin W. Weigand (VSB No. 81073)
                                                       1850 Towers Crescent Plaza, Suite 400
                                                       Tysons Corner, VA 22182
                                                       Tel: 703-905-1404
                                                       Fax: 703-821-8949
                                                       jyboland@venable.com
                                                       nmdepalma@venable.com
                                                       kwweigand@venable.com

                                                       *Counsel for Plaintiff GovCIO, LLC*