UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GOVCIO, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:23-cv-1181 (RDA/LRV) |
| <govciocareers.com>, *a domain name*, | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff GovCIO, LLC's Motion for Default Judgment (Dkt. No. 30). No representative for Defendant Domain Name <govciocareers.com> has responded to Plaintiff's complaint or the Motion for Default Judgment. Pursuant to 28 U.S.C. § 636(b), the undersigned files this Report and Recommendation, a copy of which will be provided to all interested parties.

**I.   Factual Background**

On September 1, 2023, Plaintiff filed this *in rem* action against Defendant Domain Name <govciocareers.com>, asserting one count under the Anti-cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d). (*See* Dkt. No. 1.) Pursuant to the verified complaint, the following facts have been established.[1]

Plaintiff GovCIO, LLC is a Maryland limited liability company that provides information technology, cybersecurity, data, and management services to federal government agencies. (*Id.*

---

[1] *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table decision))).

¶¶ 8, 16.) GovCIO's trademarks, which appear on the Principal Register in the United States Patent and Trademark Office ("USPTO") and on its website, <govcio.com>, include the word mark GOVCIO, which is covered by U.S. Registration No. 6991012, and the GovCIO logo, which is covered by U.S. Registration No. 6991015 and appears as follows:



(the "GovCIO marks"). (*Id.* ¶ 17.)

In August 2023, GovCIO discovered that Defendant Domain Name <govciocareers.com>, which was registered on August 17, 2023, was being used to impersonate recruiting personnel from GovCIO. (*Id.* ¶¶ 19–20.) Although the <govciocareers.com> website does not currently have any content, the domain name was being used to send emails purporting to be from GovCIO and asking individuals to provide information related to a potential job opportunity. (*Id.* ¶ 24.) Specifically, the email addresses <ryan@govciocareers.com> and <mcnally@govciocareers.com> were used to send emails from an individual purporting to be Ryan McNally, who is a Senior Recruiter at GovCIO and whose actual GovCIO email address is <ryan.mcnally@govcio.com>. (*Id.* ¶ 25–29.) Plaintiff and Ryan McNally have no relationship or affiliation with <govciocareers.com> or the <ryan@govciocareers.com> and <mcnally@govciocareers.com> email addresses. (*Id.* ¶¶ 22, 26.)

The complaint describes an elaborate scheme in which an initial email was sent to individuals asking if they were interested in a position with GovCIO. (*Id.* ¶ 30.) If an individual expressed interest in the position, the candidate was asked via email from the <govciocareers.com> domain to complete a screening questionnaire containing the GovCIO marks—including the GovCIO logo—and to provide personal information. (*Id.* ¶ 32.) After an individual completed

the application, they would receive another email congratulating them on their "new role" with GovCIO and asking them to provide detailed personal and contact information. (*Id.* ¶ 33.) The individual would then receive an email from <humanresources@govciocareers.com>, which included an Employment Offer Letter containing the GovCIO marks—including the GovCIO logo—for the candidate to sign and return, along with "a copy of [their] valid ID (front and back)." (*Id.* ¶ 34.) The email would also inform the candidate that a check would be mailed to the individual so they purportedly could pay for home office equipment. (*Id.* ¶ 35.)

Between August 21 and August 29, 2023, GovCIO received communications from more than fifteen (15) individuals expressing concern over the validity of communications they received from the <govciocareers.com> email addresses, and indicating that the conduct appeared to be indicative of a "fake check" scam, about which the U.S. Government has previously warned consumers. (*Id.* ¶¶ 27, 36–37.) Multiple recipients and intended victims have expressed frustration towards GovCIO for the events that have taken place, insinuating that GovCIO shares responsibility for the scam emails and messages. (*Id.* ¶ 40.) Accordingly, these misrepresentations of the GovCIO name have negatively affected Plaintiff's reputation as an IT contractor to federal agencies, which requires compliance with strict cyber security and government compliance protocols. (*Id.* ¶¶ 42–44, 56.)

## II. Procedural History

On September 1, 2023, Plaintiff filed the verified complaint and an Emergency *Ex Parte* Motion for a Temporary Restraining Order. (Dkt. Nos. 1 & 6.) On September 13, 2023, the Court held a hearing on Plaintiff's TRO motion, and subsequently issued a TRO against Defendant Domain Name <govciocareers.com>, which required Verisign, Inc. (the registry for Defendant Domain Name) to "take all steps necessary to divest the present registrant and owner of its

3

registration, ownership, and control" of Defendant Domain Name and to "promptly assign registration, ownership, and control" to Plaintiff. (Dkt. No. 15 at 9.) The Court's September 13 Order also instructed Plaintiff to publish a copy of the Order in the *Washington Post* or the *Washington Times* within fourteen (14) days and ordered the registrant(s) of Defendant Domain Name to appear and show cause why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be issued. (*Id.* at 10; *see also* Dkt. No. 22 at 10.)

On September 20, 2023, the Court held a hearing on Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 18), at which no one for Defendant Domain Name <govciocareers.com> appeared. (Dkt. No. 24; *see* Dkt. No. 31 at 3 n.1.) On September 21, the Court granted Plaintiff's motion and converted the prior TRO into a preliminary injunction order under the same terms set forth in the TRO. (Dkt. No. 25 at 7–8.)

On October 27, Plaintiff filed a Request for Entry of Default against Defendant Domain Name (Dkt. No. 28), and on October 30, the Clerk of Court entered the default against Defendant Domain Name <govciocareers.com>. (Dkt. No. 29.) On November 13, Plaintiff filed its Motion for Default Judgment. (Dkt. No. 30.) On December 1, 2023, the undersigned held a hearing on the motion, at which no representative for Defendant Domain Name appeared. (*See* Dkt. No. 33.) Plaintiff's Motion for Default Judgment is now ripe for disposition.

### III. Legal Standard

Federal Rule of Civil Procedure 55 provides that default judgment may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a)–(b). Although a defaulting defendant is deemed to have admitted the well-pleaded allegations of fact set forth in the complaint, *see* Fed. R. Civ. P. 8(b)(6), conclusions of law or "allegations regarding liability that are not 'well-pleaded'" are not deemed

4

admitted. *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. Feb. 2, 2011) (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)); *see also JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014). Before entering default judgment, therefore, the Court must determine whether the facts, as alleged in Plaintiff's complaint, state a claim for relief. *JTH Tax, Inc.*, 8 F. Supp. at 736 (citing *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table decision)). The Court must also find that there is subject-matter jurisdiction, personal or *in rem* jurisdiction over the defaulting defendant, and that venue and service of process are proper. *See LendingClub Bank v. LendingClub.com*, 122CV484AJTJFA, 2023 WL 2581308, at *8 (E.D. Va. Mar. 20, 2023) (setting forth jurisdictional and service requirements in ACPA default judgment action).

## IV.    Jurisdiction and Venue

The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this case arises under the ACPA, 15 U.S.C. § 1125(d). Additionally, the Court has *in rem* jurisdiction over Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2). Section 1125(d)(2)(A) provides that the owner of a mark "may file an *in rem* civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if—

> (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office . . . and
>
> (ii) the court finds that the owner—
> (I) is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under paragraph [(d)](1); or
>
> (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph [(d)](1) by—

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A).

Here, Plaintiff's rights in the federally registered GovCIO marks are being violated by the registration and unauthorized use of the Defendant Domain Name <govciocareers.com>. (*See* Dkt. No. 1 ¶ 6.) Additionally, the registrant of Defendant Domain Name used a privacy service that masks the registrant's identity and location, and Plaintiff has been unable to ascertain that information, despite its attempts to contact the registrant. (Dkt. No. 1 ¶¶ 9–10; *see* Dkt. No. 9 ¶¶ 6, 8–16; Dkt. No. 9-1 at 3.) On August 30 and 31, 2023, in accordance with § 1125(d)(2), GovCIO sent notice of the alleged ACPA violation, and of its intent to proceed *in rem*, to the registrant of Defendant Domain Name <govciocareers.com>. (Dkt. No. 9 ¶¶ 8–16; *see also* Dkt. No. 9-2 at 2–4; Dkt. No. 9-3; Dkt. No. 9-5 at 2–3.) On September 18 and September 25, 2023, Plaintiff also published notice of the *in rem* action in the *Washington Times*, as directed by the Court. (Dkt. Nos. 17 & 26.) Accordingly, because GovCIO has been unable to find a person who would have been a defendant in this ACPA action—despite its diligence in accordance with the statute—and is otherwise unable to obtain *in personam* jurisdiction over the registrant, the undersigned recommends a finding that the Court has *in rem* jurisdiction over Defendant Domain Name. *See* 15 U.S.C. § 1125(d)(2).

Finally, venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which provides that an *in rem* action may be brought in the judicial district in which the domain name's registrar, registry, or other domain name authority is located. Here, Verisign, Inc. is the registry for .COM

top level domains, including Defendant Domain Name <govciocareers.com>, and is located within this District, in Reston, Virginia. (*See* Dkt. No. 1 ¶ 15.)

## V. Service of Process

Pursuant to Federal Rule of Civil Procedure 4(n)(1), in an *in rem* action authorized by federal statute, "[n]otice to claimants of the property must be given as provided in the statute or by serving a summons under this rule." Fed. R. Civ. P. 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(B), the following actions outlined in § 1125(d)(2)(A)(ii) shall constitute service of process:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and email address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

As stated above, Plaintiff has satisfied these requirements by: (1) sending notice to the registrant of Defendant Domain Name, via email and mail on August 30 and 31, 2023, of the alleged ACPA violation and of GovCIO's intent to proceed under the statute's *in rem* provisions (Dkt. No. 9-2 at 2–4; Dkt. No. 9-3; Dkt. No. 9-5 at 2–5); and (2) publishing notice of the *in rem* action in the *Washington Times* on September 18 and September 25, 2023. (Dkt. Nos. 17 & 26.) Accordingly, the undersigned recommends a finding that Plaintiff has properly effectuated service of process of this *in rem* action under the ACPA.

## VI. Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in the *Washington Times*, anyone making a claim to Defendant Domain Name <govciocareers.com> was required to file a responsive pleading by October 16, 2023—twenty-one (21) days after notice of the action was published in accordance with 15 U.S.C. § 1125(d)(2). (*See* Dkt. No. 28 ¶¶ 7–8, 15; Dkt. No. 26.) No responsive pleading has been filed, and the time for doing so has since expired.

On October 27, 2023, Plaintiff filed a request for entry of default against Defendant Domain Name (Dkt. No. 28), which the Clerk of Court entered on October 30, 2023 (Dkt. No. 29). Accordingly, because notice of this *in rem* action was proper and no one has made a timely claim to Defendant Domain Name, the Clerk of Court properly entered a default as to Defendant Domain Name.

## VII. Liability

Because a default has been entered, the factual allegations in Plaintiff's complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *JTH Tax, Inc.*, 8 F. Supp. 3d at 736. In this case, Plaintiff is pursuing default judgment under the ACPA, which provides that a mark owner may file an *in rem* civil action against a domain name if the domain name "violates any right of the owner of a mark" that is registered with the USPTO or otherwise protected under the statute. 15 U.S.C. § 1125(d)(2)(A). To prevail on an ACPA claim, therefore, Plaintiff must first demonstrate that it has a protectable interest in a valid trademark. *See Wagner v. lindawagner.com*, 202 F. Supp. 3d 574, 579–81 (E.D. Va. 2016). Once it has established a protectable interest in a valid mark, Plaintiff may obtain relief under the ACPA if it demonstrates: "(1) the party using the domain name 'had a bad faith intent to profit from using the . . . domain name'; and (2) the domain name is 'identical or confusingly similar to, or dilutive of [a] distinctive and famous . . . [m]ark.'" *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 797–98 (4th Cir. 2023) (quoting *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011)).

As an initial matter, Plaintiff has established a protectable interest in the GovCIO marks. The ACPA protects both registered marks as well as unregistered common law marks. *See* 15 U.S.C. §§ 1125(a), (c), (d)(2)(A)(i); *B & J Enters. v. Giordano*, 329 F. App'x 411, 416 (4th Cir. 2009). Here, GovCIO has registered and common law rights in its GovCIO trademarks. GovCIO's

valid and subsisting trademarks, which appear on the Principal Register in the United States Patent and Trademark Office ("USPTO") and on its website, <govcio.com>, include the word mark GOVCIO, which is covered by U.S. Registration No. 6991012, and the GovCIO logo, which is covered by U.S. Registration No. 6991015. (Dkt. No. 1 ¶ 17.) Plaintiff's registration of the GovCIO marks constitutes *"prima facie* evidence that the mark[s] [are] at least descriptive and ha[ve] acquired distinctiveness." *Central Source LLC v. annualdcreditreport.com*, 2014 WL 3811162, at *6 (E.D. Va. Aug. 1, 2014) (citing *Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001)); *see Retail Servs. Inc. v. Freebies Publ'g*, 364 F.3d 535, 542 (4th Cir. 2004) ("Because the PTO may not register a generic mark, the fact that a mark is registered is strong evidence that the mark satisfies the statutory requirements for the distinctiveness necessary for trademark protection."), *abrogated on other grounds by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). Additionally, GovCIO conducts and markets its business through the <govcio.com> website, which also displays the GovCIO marks. *See* Dkt. No. 1 ¶ 17; *Wagner v. lindawagner.com*, 202 F. Supp. 3d at 580 ("Secondary meaning exists if in fact a substantial number of present or prospective customers understand the designation when used in connection with a business to refer to a particular person or business enterprise." (quoting *Perini Corp. v. Perini Const.*, Inc., 915 F.2d 121, 125 (4th Cir. 1990))). Based on these facts, the undersigned recommends a finding that Plaintiff has demonstrated an enforceable right in the GovCIO marks, and that the marks have acquired distinctiveness.

Plaintiff has also established the registrant's bad faith intent to profit from the GovCIO marks. Under the ACPA, bad faith intent may be determined by weighing the following nine factors, none of which is dispositive:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;

9

(II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c).

15 U.S.C. § 1125(d)(1)(B)(i); *see Prudential Ins. Co. of Am.*, 58 F.4th at 798–99 (the "ACPA allows a court to view the totality of the circumstances in making the bad faith determination" and a court "need not 'march through the nine factors seriatim'" (quoting *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269 (4th Cir. 2001))); *see also Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) ("[A] court need not consider every factor in each case . . . .").

Here, factors 1 and 2 support a finding of bad faith because Defendant Domain Name does not reflect the trademark or intellectual property rights of the registrant or consist of the legal name of the person or a name that is otherwise commonly used to identify that person. Similarly, under factor 4, Defendant Domain Name has no noncommercial or fair use of the marks in a site accessible under the domain name; instead, as relevant under factor 5, the registrant used the Defendant Domain Name to attempt to deceive individuals into believing that they were communicating with a recruiter from GovCIO, with the goal of obtaining sensitive personal and financial information from them. (*See* Dkt. No. 1 ¶¶ 24–36, 53.) Indeed, in the complaint and supporting materials (e.g., the Supplemental Declaration of John Edgar (Dkt. No. 11)), Plaintiff details an elaborate scheme administered by the registrant of Defendant Domain Name that closely resembles the "fake check" scams about which the U.S. Government has warned consumers. (*See* Dkt. No. 1 ¶¶ 27–38.) This strongly weighs in favor of a finding of bad faith. Finally, factor 7 also supports a finding of bad faith because the registrant of Defendant Domain Name took steps to conceal the registrant's identifying and contact information. (*Id.* ¶ 51; *see* Dkt. No. 9 ¶ 6.) In consideration of the applicable factors, therefore, the undersigned recommends a finding that the registrant of Defendant Domain Name had a bad faith intent to profit from the use of <govciocareers.com>. *Compare, e.g., Latham & Watkins LLP v. Hiring-lw.com*, 1:17CV1368 (LMB/JFA), 2018 WL 3214260, at *2, 5 (E.D. Va. June 11, 2018), *report and recommendation adopted*, 2018 WL 3212024 (E.D. Va. June 29, 2018) (finding bad faith in ACPA action where registrant used domain email address for fake employment recruiting scheme).

Finally, Plaintiff has demonstrated that Defendant Domain Name <govciocareers.com> is confusingly similar to the GovCIO marks. *See* 15 U.S.C. § 1125(d)(1)(A)(ii). A domain name is confusingly similar to a mark when a "reasonable consumer 'might think [it was] used, approved,

or permitted by [the mark owner],'" or where the domain and mark are "so similar in sight, sound and meaning that they could be confused." *Venetian Casino Resort, LLC v. Venetiangold.Com*, 380 F. Supp. 2d 737, 743 (E.D. Va. 2005) (first quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 157 F. Supp. 2d 658, 667 (E.D. Va. 2001), *rev'd on other grounds by* 302 F.3d 214 (4th Cir. 2002), then quoting J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:78 (4th ed. 2004)). Here, Defendant Domain Name is confusingly similar to the GovCIO marks because it incorporates GovCIO's mark in full, with the addition of the term "careers." *See Volvo Trademark Holding AB*, 703 F. Supp. 2d at 568 (finding domain <volvospares.com> confusingly similar to VOLVO mark because the "dominant portion" of the domain was sufficiently similar); *see also LendingClub Bank*, 2023 WL 2581308, at *8 (finding domains including <privatelendingclub.com> and <businesslendingclub.com> confusingly similar to LENDINGCLUB mark). That the registrant operated an email address using the <govciocareers.com> domain and purporting to be an employee of Plaintiff—while also using Plaintiff's federally registered logo (Dkt. No. 1 ¶ 32)—further supports a finding that Defendant Domain Name is confusingly similar to Plaintiff's marks. *See Venetian Casino Resort*, 380 F. Supp. 2d at 743. Accordingly, Plaintiff's complaint alleges sufficient facts, taken as true, to establish a claim under the ACPA.

## VIII. Recommendation

For the reasons stated above, the undersigned U.S. Magistrate Judge recommends that the Court: (1) grant default judgment against Defendant Domain Name <govciocareers.com> pursuant to Count I of Plaintiff's verified complaint alleging a violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(2); (2) issue an order converting the Preliminary Injunction Order (Dkt. No. 25) into a permanent injunction for purposes of completing the

permanent transfer of Defendant Domain Name to Plaintiff, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i); and (3) order that the $500 bond posted by Plaintiff (*see* Dkt. No. 16) shall be released and returned to GovCIO, c/o Venable LLP, 1850 Towers Crescent Plaza, Suite 400, Tysons, Virginia 22182.

IX. **Notice**

The parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within fourteen (14) days of its service. Failure to timely object waives appellate review of the substance of this Report and Recommendation and any judgment or decision based on it.

Counsel for Plaintiff is directed to send a copy of this Report and Recommendation to the registrant of <govciocareers.com> at the email addresses provided to the registrar (i.e., contact-registrant@google.com and p3kzppb59cs9k2qjj@proxyregistrant.email), and to file a certificate of service indicating the date those copies were sent. **The fourteen-day period for filing objections will be begin on the date the Report and Recommendation was sent by Plaintiff's counsel to the above email addresses.**

ENTERED this 3rd day of January, 2024.

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia